**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEANINE SPENCE,<br><br>              Plaintiff,<br><br>      vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant.<br>_____/ | CASE NO. CV F 07-676 LJO DLB CONSOLIDATED WITH CV F 08-002 LJO DLB<br><br>**ORDER TO CONSOLIDATE CASES** |

In the April 17, 2008 Joint Scheduling Report, Plaintiff Jeanine Spence ("Ms. Spence") and Defendant United States of America ('the Government") jointly request to consolidate the actions of *Spence v. United States*, CV F 07-676 LJO DLB and *Spence v. United States*, CV F 08-002 LJO DLB, CV F 07-676 LJO DLB.  Fed. R. Civ. P. 42(a) governs consolidation of actions and provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The purpose of consolidation is to enhance court efficiency (i.e., to avoid unnecessary duplication of evidence and procedures) and to avoid substantial danger of inconsistent adjudications (i.e., different results.

In assessing whether to consolidate cases, the Court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. Cal. Dept. of Health Services*, 487 F.3d 684 (9th Cir. 2007) (citing *The Haytian Republic,* 154 U.S. 118, 124 (1894) (discussing duplicative actions).  "The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989).

Both cases involve the same parties, are based on the same accident, and seek relief for the same

injuries. Ms. Spence initiated each based against the Government based on injuries she incurred as a result of a bicycle accident on Government property while competing in a bike race. The later action was filed as a result of a second administrative decision issued after the first action was filed. Rather than file supplemental pleading in the first action, Ms. Spence filed a separate action.

Moreover, consolidation of these actions will promote judicial economy and convenience for the parties. The decision to consolidate in whole or in part rests in the trial court's discretion. *Investors Research Co. v. United States District Court*, 877 F.2d 777, 777 (9th Cir. 1989). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989). The parties submit that no confusion or prejudice will result from consolidation.

Therefore, and on the basis of good cause, this Court:

1. CONSOLIDATES Case No. CV F 07-676 LJO DLB and CV F 08-002 LJO DLB **for all purposes**. All further documents shall bear the CASE NO. CV F 07-676 LJO DLB and the parties shall file all further documents on the docket in Case No. CV F 07-676 LJO DLB;

2. ORDERS Plaintiff Ms. Spence consolidate the pleadings by filing a supplemental pleading in case No. CV F 07-676 LJO DLB to include her allegation of the denial of the second administrative claim; and

3. DIRECTS the clerk of court to enter this order on the docket of both Case No. CV F 07-676 LJO DLB and CV F 08-002 LJO DLB.

IT IS SO ORDERED.

**Dated:   April 18, 2008**          /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE